IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:08-cr-60053-AA |
| | Case No. 6:16-cv-01282-AA |
| Plaintiff, | **OPINION & ORDER** |
| vs. | |
| COLBY TODD DUBOSE, | |
| Defendant. | |

AIKEN, District Judge:

This case comes before the Court on Defendant's Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255.  ECF No. 35.  Because the motion and the record conclusively show that Defendant is not entitled to relief, no evidentiary hearing is required.  For the reasons set forth below, Defendant's motion is DENIED and the Court declines to issue a certificate of appealability.

## BACKGROUND

On June 20, 2008, Defendant was indicted for Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a), (d) (Count 1); the Carrying and Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and Felon in Possession of a Firearm in violation of 18 U.S.C. § 921(a)(20) (Count 3). ECF No. 7. The Indictment alleged that Defendant had three convictions for Theft I in 1983, two convictions for Burglary I in 1983, a conviction for Theft I in 1985, and a conviction for Escape II in 1986, all in Oregon state court. Defendant also had federal convictions for Bank Robbery in 1989 and 1996, as well as a federal conviction for Possession of a Prohibited Object While Incarcerated in 1991.

On May 22, 2009, Defendant pleaded guilty to all three counts of the Indictment pursuant to a plea agreement with the Government. ECF Nos. 26, 27. In his plea agreement, Defendant admitted that for purposes of Count 3, he had two convictions for Burglary I and a conviction for Escape II in Oregon state court and that in federal court he had two prior convictions for Bank Robbery and a conviction for Possession of a Prohibited Object While Incarcerated. ECF No. 27. On September 2, 2009, this Court sentenced Defendant to 188 months on Counts 1 and 3 to run concurrently and 84 months on Count 2 to run consecutive to the sentences for Counts 1 and 3 for a total sentence of 272 months followed by five years of supervised release. ECF Nos. 31, 33.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255(a).

To warrant relief, a petitioner must demonstrate that the error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration and emphasis in original) (quoting 28 U.S.C. § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original, internal quotation marks and citation omitted).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Withers*, 638 F.3d at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)); *see United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194.

## DISCUSSION

### I. Armed Career Criminal Act

Federal law generally prohibits felons from possessing firearms. 18 U.S.C. § 922(g)(1). Under ordinary circumstances, ten years is the maximum term of imprisonment for a violation of § 922(g). However, if a felon with three previous convictions for a "violent felony or a serious drug offense" violates § 922(g), the Armed Career Criminal Act ("ACCA") mandates a sentence of at least 15 years. 18 U.S.C. § 924(e)(1).

At the time of Defendant's sentencing, the ACCA defined a "violent felony" as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; or

> (iii) involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(A).

Clause (i) of this definition is known as the "force clause," while clause (ii) are the "enumerated offenses," and clause (iii) is known as the "residual clause." In June 2015, the Supreme Court struck down the ACCA "residual clause" as unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 606 (2015). The Supreme Court subsequently held that *Johnson* had announced a substantive rule that had retroactive effect in cases on collateral review. *Welch v. United States*, 578 U.S. 120, 135 (2016). Following *Johnson*, a conviction will only qualify as a predicate under the ACCA if it falls within the force clause or the enumerated offenses.

Courts use the "categorical approach" to determine whether a prior conviction is a predicate offense under the ACCA. *United States v. Parnell*, 818 F.3d 974, 978 (9th Cir. 2016). Using the categorical approach, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood." *Descamps v. United States*, 570 U.S. 254, 257 (2013). "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.* Under the categorical approach, courts do not look beyond the elements of the statute of conviction and must presume that the conviction rests upon the least of the acts criminalized. *Ramirez v. Lynch*, 810 F.3d 1127, 1131 (9th Cir. 2016). If, after conducting this analysis, the court concludes that the state statute of conviction

criminalizes more conduct than the generic offense, then it is overbroad and the conviction will not qualify as a predicate offense. *Id.*

The Supreme Court has, however, recognized that some statutes set out one or more elements of the offense in the alternative, essentially forming "several different crimes." *Descamps*, 570 U.S. at 257, 261-62. "If at least one, but not all of those crimes matches the generic version, a court needs a way to find out which the defendant was convicted of." *Id.* at 264. In cases involving such "divisible" statutes, courts are permitted to apply the "modified categorical approach." *Id.* at 258. Under the modified categorical approach, courts may look beyond the elements of the statute to documents like charging instruments, jury instructions, plea agreements, transcripts of plea hearings, and judgments to determine whether the defendant was convicted of a set of elements that fall within the generic definition. *Mathis v. United States*, 579 U.S. 500, 136 S. Ct. 2243, 2249 (2016); *Ramirez*, 810 F.3d at 1131.

In this case, the elimination of the residual clause removes most of Defendant's prior convictions from consideration as predicate offenses, leaving only Defendant's state court convictions for Burglary I in violation of ORS 164.225, and Defendant's federal convictions for Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a), (d). The Court will address each in turn.

**A. Armed Bank Robbery**

As previously noted, at the time of sentencing Defendant had two prior convictions for Armed Bank Robbery in 1989 and in 1996, both in the District of

Oregon. Def. Mot. Ex. A ("PSR") at 13-14. ECF No. 46. Defendant contends that his prior bank robbery convictions do not qualify as crimes of violence under the ACCA.

First, Defendant argues that his prior federal bank robberies do not qualify as crimes of violence because bank robbery by force or intimidation does not require use or threatened use of violent force. A "crime of violence" is "an offense [that] must have as an element the use, attempted use, or threatened use of violent physical force—'that is, force capable of causing physical pain or injury to another person.'" *United States v. Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). In *Gutierrez*, the Ninth Circuit held that:

> 'intimidation' as used in the federal bank robbery statute requires that a person take property 'in such a way that would put an ordinary, reasonable person in fear of bodily harm,' which necessarily entails the 'threatened use of physical force.' As a result, in our court, too, federal bank robbery constitutes a crime of violence.

*Id.* at 1257 (quoting *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990)).

In *United States v. Goodin*, Case No. 6:11-cr-60146-AA, 6:12-cr-00021-AA, 6:17-cv-00004-AA, 6:17-cv-00002-AA, 2020 WL 1813248, at *2-3 (D. Or. April 9, 2020), this Court relied on the Ninth Circuit's decision in *Gutierrez* to conclude that the defendant's prior convictions for bank robbery qualified as crimes of violence under the force clause of the ACCA. The Court finds no cause to reach a contrary conclusion in the present case.

In *Goodin*, the Court also considered an argument concerning whether the defendant's prior convictions for bank robbery had the required mens rea to qualify as a threatened use of physical force. *Goodin*, 2020 WL 1813248, at *3. The Ninth

Page 7 –OPINION & ORDER

Circuit has held that "a defendant may be convicted of bank robbery only if the government proves that he at lease 'possessed knowledge with respect to the . . . taking of property of another by force and violence or intimidation." *United States v. Watson*, 881 F.3d 782, 785 (9th Cir. 2018) (quoting *Carter v. United States*, 530 U.S. 255, 268 (2000)). As a result, the Ninth Circuit held that bank robbery does have the necessary mens rea because "the offense must at least involve the knowing use of intimidation, which necessarily entails the knowing use, attempted use, or threatened use of violent physical force." *Id.* In *Goodin*, this Court concluded that, based on *Watson*, the "defendant's prior bank robbery convictions did have the required mens rea of a threatened use of physical force," and so "the ACCA sentence enhancement was appropriate." *Goodin*, 2020 WL 1813248, at *3. The Court reaches the same conclusion in the present case.

Accordingly, the Court concludes that Defendant's prior convictions for bank robbery qualified as "violent felonies" under the force clause of the ACCA and were, therefore, predicate convictions.

**B. Burglary I**

As previously discussed, Defendant has prior Oregon state court convictions for Burglary I in violation of ORS 164.225. Following the Supreme Court's decision in *Johnson*, both the Ninth Circuit and courts within this District have held that Oregon Burglary I is not a "violent felony" under the ACCA. *United States v. Cisneros*, 826 F.3d 1190 (9th Cir. 2016); *United States v. Mayer*, 162 F. Supp.3d 1080 (D. Or. 2016).

The Government initially conceded that Defendant's burglary convictions were no longer ACCA predicate offenses, but subsequently withdrew that concession. ECF Nos. 50, 51. The Government asserts that the Supreme Court's decision in *United States v. Stitt*, ___U.S.___, 139 S. Ct. 399 (2018) overrules the Ninth Circuit's prior decisions in *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc) and *United States v. Cisneros*, 826 F.3d 1190 (9th Cir. 2016).

As previously discussed, "burglary" is one of the enumerated offenses under the ACCA. 18 U.S.C. § 924(e)(2)(B)(ii). In order to determine if Oregon Burglary I qualifies as a predicate offense, the Court must therefore compare it to the generic crime of burglary under the categorical approach. Under Oregon law, a person commits Burglary I if he "enters or remains unlawfully in a building with intent to commit a crime therein," ORS 164.215, "and the building is a dwelling." ORS 164.225. Oregon defines "building" to include "in addition to its ordinary meaning . . . any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein." ORS 164.205(1). Oregon defines dwelling" as "a building which regularly or intermittently is occupied by a person lodging therein at night, whether or nor a person is actually present." ORS 164.205(2).

The Ninth Circuit has previously determined that Oregon Burglary I is overbroad in relation to the generic offense because "the 'building or structure' element of generic burglary does not include booths, vehicles, boats, or aircrafts." *Cisneros*, 826 F.3d at 1194 (citing *Taylor v. United States*, 495 U.S. 575, 599 (1990));

*Grisel*, 488 F.3d at 850-51 (holding that Oregon burglary is overbroad because it embraces a definition of "building" that includes booths, vehicles, boats, and aircraft in addition to the ordinary meaning of the term). The Ninth Circuit further concluded that Oregon Burglary I was indivisible because "building" was a single element that did not encompass separate alternative crimes. *Cisneros*, 826 F.3d at 1196.

In *United States v. Stitt*, the Supreme Court considered whether the ACCA's use of the term "'burglary' includes burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation." *Stitt*, 139 S. Ct. at 403-04. In weighing the generic definition of burglary, the Supreme Court noted that "Congress intended the definition of 'burglary' to reflect the generic sense in which the term was used in the criminal codes of most States at the time the [ACCA] was passed." *Id.* at 406 (internal quotation marks and citations omitted, alterations normalized). "In 1986, a majority of state burglary statutes covered vehicles adapted or customarily used for lodging—either explicitly or by defining 'building' or 'structure' to include those vehicles." *Id.* The Supreme Court cited directly to Oregon's burglary statutes, ORS 164.205, 164.215, 164.225, and their definition of "building," which includes booths, vehicles, boats, aircraft, or any other structure "adapted for overnight accommodation of persons," as an example of that generic understanding. *Id.* In doing so, the Supreme Court expressly overruled the Ninth Circuit's contrary holding in *Grisel*. *Id.* at 404-05.

The Supreme Court also noted that Congress "viewed burglary as an inherently dangerous crime because burglary creates the possibility of a violent

confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate." *Stitt*, 139 S. Ct. at 406 (internal quotation marks and citation omitted). The Supreme Court viewed the inclusion of vehicles within the generic definition of building as consonant with that statutory purpose because "[a]n offender who breaks into a mobile home, an RV, a camping tent, a vehicle, or another structure that is adapted for or customarily used for lodging runes a similar or greater risk of violent confrontation." *Id*. Accordingly, the Court held that "coverage of vehicles designed or adapted for overnight use" would not take a state statute "outside the generic burglary definition." *Id*. at 407.

In *Stitt*, the Supreme Court expressly overruled the Ninth Circuit's decision in *Grisel*, which held that Oregon's burglary statutes were overbroad in comparison to the generic offense specifically because Oregon's definition of building encompassed such vehicles. *Stitt*, 139 S. Ct. at 404-04; *Grisel*, 488 F.3d at 850-51. The Court also cited Oregon's burglary statutes, which included vehicles adapted for overnight accommodation of persons, as examples of the generic definition of "building" at the time of the ACCA's enactment. *Stitt*, 139 S. Ct. at 406. Although not expressly discussed in *Stitt*, the Ninth Circuit's decision in *Cisneros* reached the same conclusion concerning the overbreadth of Oregon's definition of "building" by following the reasoning set forth in *Grisel*. *Cisneros*, 826 F.3d at 1193-94. The Supreme Court's holding in *Stitt* would therefore apply with equal force to the Ninth Circuit's conclusion in *Cisneros* concerning whether Oregon's burglary statute is overbroad. *See Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc)

(holding that district courts are not bound by a prior circuit court ruling that is clearly irreconcilable with intervening higher authority).

Following *Stitt*, the Court concludes that Oregon burglary is a categorical match for the generic offense and that Defendant's convictions for Burglary I are predicate convictions under the ACCA.

Because Defendant has at least three ACCA-predicate convictions, including convictions for Armed Bank Robbery and Burglary I, the Court concludes that Defendant's sentence properly included the ACCA mandatory minimum. Defendant's motion to vacate his sentence on that basis is DENIED.

## II. Career Offender Under the Guidelines

In addition to challenging his mandatory minimum sentence under the ACCA, Defendant asserts that his prior convictions did not qualify as "crimes of violence" under the federal Sentencing Guidelines. In essence, Defendant argues that the reasoning of *Johnson* applies with equal force to the similar the residual clause of the former U.S.S.G. § 4B1.2(a).

Normally, a § 2255 motion must be filed within a year of the date the conviction became final. 28 U.S.C. § 2255(f)(1). A § 2255 motion may also be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In this case, the Supreme Court has held that, unlike the mandatory minimum sentences in the ACCA, "the advisory Guidelines are not subject to vagueness challenges under

the Due Process Clause." *Beckles v. United States*, ___U.S.___, 137 S. Ct. 886, 890 (9th Cir. 2017). Defendant's challenge to his designation as a career offender therefore fails.

### III. 18 U.S.C. § 924(c)

As previously noted, Defendant was convicted of violation of 18 U.S.C. § 924(c). "That statute requires the imposition of an additional consecutive sentence on a defendant convicted of a "crime of violence" while using or carrying a firearm." *United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018). "Crime of violence" is defined by § 924(c) as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The second formulation is, like the similar provision in the ACCA, known as the "residual clause." *Blackstone*, 903 F.3d at 1028.

Defendant argues that his conviction for using a firearm during a crime of violence under 18 U.S.C. § 924(c) should be vacated because, following *Johnson*, armed bank robbery is not a crime of violence. The Court notes, however, that the Supreme Court has not found the residual clause of § 924(c) to be void for vagueness, nor has it made such a ruling retroactively applicable on collateral review and so a challenge on that basis would be time-barred. *See Blackstone*, 903 F.3d at 1028 (so holding). Even if the Court were to reach the merits of Defendant's argument,

however, the motion would still fail because the Ninth Circuit has held that bank robbery is a crime of violence under the "force clause," of § 924(c)(3)(A). *Watson*, 881 F.3d at 786.

### IV. Certificate of Appealability

A final order in a § 2255 proceeding may not be appealed unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court explained that a certificate of appealability under § 2253(c) is warranted when a habeas prisoner makes "a demonstration that . . . includes a showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 483-84 (internal quotation marks and citation omitted). In this case, the Court concludes that Defendant has failed to make the required showing and so declines to issue a certificate of appealability.

### CONCLUSION

For the reasons set forth above, Defendant's Motion under 28 U.S.C. § 2255, ECF No. 35, is DENIED. The Court declines to issue a certificate of appealability.

It is so ORDERED and DATED this  1st  day of March 2022.

                                 /s/Ann Aiken
                                 Ann Aiken
                         United States District Judge